IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-213-F-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ANTOINE WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a Rocky Mount police officer serving on a Federal Bureau of Alcohol, Tobacco, Firearms and Explosives task force, and defendant the testimony of the proposed third-party custodian, defendant's mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 24 June 2010 for possession of a firearm, a 9 mm semi-automatic handgun ("subject handgun"), by a convicted felon on or about 11 July 2009 in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count 7). The evidence presented at the hearing showed that the charges arise from an incident in the parking lot of a club in Rocky Mount on the alleged offense

date in which shots were being fired. When police arrived on the scene, the co-defendant was seen running behind an SUV in which defendant and a woman were seated. The co-defendant entered the SUV and dropped the handgun he had with him, the subject handgun, on the floor of the vehicle. Defendant picked up the handgun. When officers reached the SUV and directed defendant and the woman to put their hands up, defendant fled on foot. While running, he threw the subject handgun onto the roof of a restaurant. At the time, defendant was a convicted felon and prohibited from possessing firearms. Defendant gave police an alias when he was arrested. The co-defendant told police that the subject handgun belonged to defendant and that he had obtained it from his girlfriend, who in turn had stolen it from her former boyfriend.

On 9 May 2010, defendant broke into the residence of his former girlfriend, stabbed the male occupant, and stole jewelry and a cell phone. Both the male victim and two other persons in the home identified defendant as the perpetrator. State charges for the offense were nevertheless dismissed.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including its association with the discharge of a firearm, defendant's flight from arresting officers, and defendant's use of an alias; defendant's criminal record, including over twenty misdemeanor convictions (three for assault) and one felony conviction (for cocaine possession), the May 2010 breaking and entering (albeit not prosecuted), defendant's prior use of aliases, a probation revocation for absconding, and multiple failures to appear; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of

danger presented by defendant, the proposed custodian's own prior criminal conduct and attitude toward it, her absence from the home for full-time work, and her lack of any contact with defendant since May 2010, suggesting an attenuated relationship with defendant; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, the fact that defendant has been attending community college does not offset the considerable evidence otherwise compelling detention.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of July 2010.

James E. Gates
United States Magistrate Judge